■ SHELLY RAFFAELE, Appellant, v UNITED STATES LIFE INSURANCE COMPANY, Respondent. [698 NYS2d 653] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 13, 1999, which, in an action on a life insurance policy, denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

An issue of fact exists as to whether the decedent's application for life insurance, submitted four months before his death, misrepresented that he never "used cocaine, barbiturates, amphetamines or any other drug which might cause a dependency, other than as prescribed by a licensed physician". Such issue is raised by statements in the autopsy report and death certificate that the decedent had a history of "[a]cute and chronic substance abuse" and that the cause of death was "[i]ntoxication due to combined effect of opiate, ethanol and cocaine"; the proximity of the decedent's death to the purchase of the policy; and the decedent's family's refusal to cooperate with defendant's investigation and their request that an autopsy not be performed. Whether the decedent was a drug user at the time he submitted the application is a matter peculiarly within the knowledge of plaintiff, who was the decedent's wife, and the decedent's other family members, and a summary disposition in plaintiff's favor would be premature at least until disclosure from her, and any other family members claiming knowledge of the decedent's abstinence from drugs, is complete (CPLR 3212 [f]). Concur—Sullivan, J. P., Nardelli, Mazzarelli, Lerner and Buckley, JJ.

■ In the Matter of KEVIN MCGAUGHEY, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [698 NYS2d 471] —Determination of respondent Police Commissioner, dated April 8, 1998, terminating petitioner's employment as a police officer unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of the Supreme Court, New York County [Walter Tolub, J.], entered August 25, 1998) dismissed, without costs.

Substantial evidence supports respondent's findings that, without provocation and as a result of petitioner's belief that a detective was involved in undercover Internal Affairs investigations, petitioner verbally and physically assaulted the detective, causing injuries to his groin. The penalty of dismissal does not shock our sense of fairness. Concur—Sullivan, J. P., Mazzarelli, Lerner and Buckley, JJ.